E UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, CAPSTONE BUILDING CORPORATION, STATE FARM FIRE AND CASUALTY, | CIVIL ACTION |
| VERSUS | NO: 10-1682 c/w No. 10-2082 and No. 10-2077 |
| UNIVERSITY FACILITIES, INC., CAPSTONE DEVELOPMENT CORPORATION, CAPSTONE BUILDING CORPORATION, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, U.S. SPECIALTY INSURANCE COMPANY, WESTERN SURETY COMPANY, and STANLEY SMITH DRYWALL, INC. | SECTION: R (1) |

**ORDER & REASONS**

In this insurance coverage dispute, defendant Stanley Smith Drywall, Inc. moves to transfer State Farm Fire and Casualty Company's declaratory judgment action to the Northern District of Alabama, pursuant to 28 U.S.C. § 1404.[1]  Because the Court finds that Stanley Smith has not shown that the action could have been brought in the proposed transferee court or that the proposed transferee district is clearly more convenient than this forum, the Court denies defendant's motion.

---

[1] R. Doc. 30. All record citations refer to documents in Civil Action 10-1682, unless noted otherwise.

**I.     BACKGROUND**

On August 1, 2004, University Facilities, Inc. (UFI), a Louisiana non-profit corporation, and Capstone Development Corporation (CDC), an Alabama corporation, contracted with Southeastern Louisiana University for the design and construction of student housing facilities in Hammond, Louisiana.[2] CDC, through Capstone Building Corporation (CBC), hired Stanley Smith to install drywall in connection with the construction of the facilities.[3] After discovering alleged construction and design defects, UFI sued CDC and Capstone On-Campus Management, LLC.[4] On March 16, 2010, the matter was stayed pending arbitration.[5]

Since that time, three additional suits have been filed, and consolidated, arising from the alleged defects in the construction and design of the student housing facilities at Southeastern Louisiana University.  First, on June 8, 2010, Travelers Casualty and Surety Company of America filed a declaratory judgment action against UFI, CDC and CBC.[6] Travelers seeks a declaration that it is not required to arbitrate any claims asserted against it under certain performance bonds issued

---

[2]   10-2082, R. Doc. 1 at 9.

[3]   *Id.*

[4]   *Id.*

[5]   *Id.*

[6]   10-1682, R. Doc. 1.

in connection with the construction of the student housing facilities.[7]  Second, on July 23, 2010, CBC sued Western Surety Company, Travelers, and U.S. Specialty Insurance Company.[8]  CBC asserts that claims have been made against it for defective work on the student housing facilities by subcontractors and that the subcontractors have failed to defend and indemnify CBC against these claims.[9]  CBC alleges that Western Surety, Travelers and U.S. Speciality are required under the subcontractor performance bonds to remedy the subcontractors' failure to defend and indemnify CBC.[10]  Third, on July 26, 2010, State Farm Fire and Casualty Company filed this declaratory judgment action against CBC, UFI and its insured, Stanley Smith Drywall.[11]

In State Farm's declaratory judgment action, State Farm asserts that both Stanley Smith and CBC have made claims under Stanley Smith's insurance policy for coverage and a defense in the underlying arbitration.[12]  State Farm thus seeks a declaration that it has no duty (1) to insure Stanley Smith or CBC, or (2) to defend or indemnify any party against UFI's claims

---

[7]  *Id.* at 17.

[8]  10-2077, R. Doc. 1.

[9]  *Id.* at 9-11.

[10]  *Id.*

[11]  10-2082, R. Doc. 1.

[12]  *Id.* at 9.

in the pending arbitration.[13] State Farm asserts that the construction and design defect claims are not covered by or are excluded under the policy.[14] Specifically, State Farm asserts several coverage limitations and exclusions, including: (1) liability arising from an assumption of liability provision, (2) liability resulting from pollutants; (3) liability for property damage arising out of the contractor's or subcontractors' operations; (4) liability arising from a defect, deficiency, inadequacy, dangerous condition, delay or failure in the insured's product or work; (5) damages caused by loss of use, withdrawal, recall, repair or other events to the insured's product or work because of a defect or dangerous condition; and (6) liability related to the exposure to or presence of fungus.[15]

Stanley Smith now moves to transfer State Farm's declaratory judgment action to the Northern District of Alabama. State Farm, CBC and UFI oppose the motion.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses" and "in the interest of justice," the Court may transfer an action to any other district where the plaintiff

---

[13] *Id.* at 11.

[14] *Id.* at 9-10.

[15] *Id.* at 3-6.

could have filed suit.  The defendant must first demonstrate that the plaintiff could have brought the action in the transferee court initially.  *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).  The defendant must then show "good cause" for transfer.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).  To show good cause, a defendant "must satisfy the statutory requirements and clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice."  *Id.* (internal quotation marks omitted).  When the transferee venue is not clearly more convenient, the reviewing court should respect the plaintiff's choice of venue.  *Id.*

In deciding a transfer motion, the district court must consider the private and public interest factors enunciated in *Gulf Oil Corp. v. Gilbert.*  330 U.S. 501, 508 (1947).  The private interest factors include (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive.  *See id.; In re Volkswagen AG*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).  The public interest factors are (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized

interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  *In re Volkswagen AG*, 371 F.3d at 203.

While the *Gilbert* factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive.  *In re Volkswagen of Am., Inc.*, 545 F.3d at 315.  Moreover, no single factor is of dispositive weight.  *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

**III. DISCUSSION**

**A.  Venue and Personal Jurisdiction**

The defendant who brings a motion to transfer venue must first demonstrate that the plaintiff could have brought the action in the transferee forum.  *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).  Ordinarily, transfer of a suit against multiple defendants is proper only if the transferee forum has personal jurisdiction over all of the defendants.  *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984), *overruled on other grounds by In re Air Crash Disaster Near New Orleans, Louisiana*, 821 F.2d 1147 (5th Cir. 1987).[16]

---

[16] The Court acknowledges that in some instances, it may be proper to sever and transfer a portion of a lawsuit when personal

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Alabama's long-arm statute extends jurisdiction to the full limits of due process. *Olivier v. Meritt Dredging Co.*, 979 F.2d 827, 830 (11th Cir. 1992) (citations omitted). The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a nonresident defendant when (1) the defendant has established "minimum contacts" with the forum state, and (2) the exercise of the court's jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The contacts with the forum state must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 297 (1980).

Personal jurisdiction may be either specific or general. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408,

---

jurisdiction cannot be established over all defendants in the transferee court. Cf. *Liaw Su Teng,* 743 F.2d at 1148. In this case, severing claims would not be proper because UFI is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places.

414 (1984). A court may exercise general jurisdiction over the defendant when the defendant has engaged in "systematic and continuous" activities in the forum state. *Id.* at 415. A court may exercise specific jurisdiction over a nonresident defendant when the claim asserted against the defendant arises out of or relates to his contacts with the forum state. *Id.* at 414 n.8. To determine whether specific jurisdiction exists, courts examine whether the defendant purposefully availed itself of the privileges of conducting activities in the forum state, and whether the cause of action arises out of or relates to those activities. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). A single act by the defendant directed at the forum state can be enough to confer personal jurisdiction. *See id.* at 476 n.18 (citing *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)).

    Here, Stanley Smith argues that the Northern District of Alabama has personal jurisdiction over all of the defendants. But UFI, a Louisiana corporation, asserts that it is not subject to personal jurisdiction in Alabama. The Court finds that Stanley Smith has made no showing as to UFI's susceptibility to personal jurisdiction in Alabama. Stanley Smith merely points out that UFI contracted with Capstone, an Alabama corporation, for Capstone to perform work in Louisiana. But the existence of a contract between a non-resident and a resident of the forum

state is insufficient, by itself, to create personal jurisdiction over a non-resident. *See Burger King Corp.*, 471 U.S. at 478 ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot."). The Fifth Circuit made this point clear in *Freudensprung v. Offshore Technical Services, Inc.*:

> It is well established that merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction. Moreover, this Court has repeatedly held that the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant.

379 F.3d 327, 344 (5th Cir. 2004) (internal citations and quotation marks omitted); *see also Vista Land & Equip., L.L.C. v. Computer Programs & Sys., Inc.*, 953 So. 2d 1170, 1177 (Ala. 2006) ("This Court has never held that a party may be subject to jurisdiction in the courts of this State simply because that party contracted with an Alabama party."). Here, a contract between UFI and an Alabama corporation to perform work in Louisiana is insufficient, without more, to establish personal jurisdiction over UFI in Alabama. Therefore, Stanley Smith has failed to carry its burden to show that State Farm could have brought suit in the Northern District of Alabama.

**B. Private and Public Interest Factors**

Even if the Court were to assume that jurisdiction and venue were proper in the Northern District of Alabama and that State Farm could have filed its declaratory judgment action there, the Court finds that the Northern District of Alabama is not clearly more convenient than plaintiff's choice of forum.

**1. Private Interest Factors**

*Relative Ease of Access to Sources of Proof*

Stanley Smith asserts that Alabama is a more convenient forum because the insurance policy was negotiated and executed in Alabama. Stanley Smith argues that the only connection to Louisiana is the underlying litigation and that Louisiana has no connection with the insurance policy at the heart of State Farm's declaratory judgment action. Stanley Smith also argues that all of the witnesses and documents concerning the insurance policy are located in Alabama. State Farm, UFI and CBC assert that this case will involve fact-intensive issues relating to the alleged occurrences involved in the underlying construction dispute. State Farm, UFI and CBC further argue that the witnesses, documentary evidence, and underlying parties are all located in Louisiana.

Despite the likely decreased significance of this factor in light of electronic transfers of information, *RLI Ins. Co. v.*

11

*Allstate County Mut. Ins. Co.*, No. 07-1256, 2008 WL 2201976, at *2 (N.D. Tex. May 28, 2008), the relative ease of access to sources of proof is still a factor to consider in resolving a transfer motion. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008) ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous."). This case involves a dispute over the interpretation of an insurance contract and an application of the policy terms to the underlying dispute for which coverage is asserted. To resolve this dispute, the Court must look to the nature of the defenses asserted under the policy and whether a determination as to the applicability of those defenses involves simply interpreting the policy terms or also consideration of the underlying facts giving rise to the claims for coverage. Here, the nature of the defenses asserted, such as exclusion from liability resulting from pollutants or fungus, will require the Court not only to interpret the contract, but also to determine whether the events for which coverage is asserted come within the terms of those defenses. Proof of the construction and design of Southeastern Louisiana University will require documents located in Louisiana. The Court finds that the presence of relatively few documents in Alabama relating to interpretation of the policy is outweighed by the nature of the evidence located in Louisiana relating to the

underlying events for which coverage is asserted. Accordingly, this factor weighs against transfer.

*Availability of Compulsory Process and Cost of Attendance of Willing Witnesses*

Courts recognize the availability and convenience of the witnesses as an important factor in a section 1404(a) analysis. *See In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) ("One important factor in a § 1404(a) calculus is the convenience of the witnesses."); *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010) ("The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)."); *Alexander v. Wackenhut Corp.*, No. 07-262, 2007 WL 1728701, at *2 (E.D. La. June 12, 2007) ("The two most important considerations on the issue of venue under 28 U.S.C. § 1404(a), are the parties' access to witnesses and their access to other sources of proof."). But the moving party must do more than "make a general allegation that certain key witnesses are needed." *Hills v. Brinks, Inc.*, No. 07-4207, 2008 WL 243944, at *5 (E.D. La. Jan. 25, 2008) (citation omitted). The moving party must "specifically identify the key witnesses and outline the substance of their testimony." *Id.* Stanley Smith has done neither.

13

Federal Rule of Civil Procedure 45(b)(2) gives the district court power to subpoena any witness within 100 miles of the trial, deposition or hearing. When the distance of a venue is more than 100 miles from the location of witnesses, the inconvenience to the witnesses increases in direct proportion to the distance to be traveled. *In re Volkswagen AG*, 371 F.3d at 204-05. The Court recognizes that New Orleans is more than 100 miles from the Northern District of Alabama. Stanley Smith has not, however, identified any policy interpretation issues requiring the testimony of Alabama witnesses. In fact, Stanley Smith concedes that interpretation of the policy will require few witnesses.[17] *See Auto Europe, LLC v. Conn. Ind. Co.*, 321 F.3d 60, 64 (1st Cir. 2003) (finding witness inconvenience unlikely in declaratory judgment action regarding an insurer's duty to defend because of the probability of a document-based determination of the duty to defend); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 07-1873, 2009 WL 4723138, at *2 (E.D. La. Dec. 7, 2009) (finding inconvenience to witnesses did not favor transfer because in an insurance coverage dispute minimal witness testimony is needed).

In addition, as discussed above, the Court finds that the facts giving rise to UFI's underlying defective construction and design claims are relevant to the applicability of the asserted

---

[17] R. Doc. 30-1 at 7.

defenses. Witnesses to the work performed by Stanley Smith and CBC on the Southeastern Louisiana University construction project are likely to reside in Louisiana. Accordingly, the Court finds that the convenience of the witnesses weighs against transfer.

### *Other Practical Problems*

Trial has not yet been scheduled in this matter. Since this case is still in its early stages, a transfer would not result in delay. In addition, the Court rejects State Farm's argument that the parties' hiring of local counsel weighs against transfer. "The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir.2003).

A transfer would, however, result in prejudice to CBC and UFI, Stanley Smith's co-defendants in State Farm's declaratory judgment action. CBC, an Alabama corporation, and UFI, a Louisiana corporation, contend that this forum is more convenient for them than the Northern District of Alabama. Both CBC and UFI are parties to other claims before the Court in the consolidated actions. The Court finds that transferring this litigation to Alabama would merely shift the inconvenience of the litigation from Stanley Smith to CBC and UFI. A transfer should not be made where the only practical effect is to shift the inconvenience from the moving party to a non-moving parties. *See Robinson v.*

15

*Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (finding district court did not abuse its discretion in denying transfer where court found that transferring the case would merely shift inconvenience from the defendants to the plaintiff); *In re FEMA Trailer Lit.*, 2009 WL 4723138, at *2 ("The Court will not order a transfer if the result is to shift the inconvenience from one party to another."). Accordingly, the Court finds that the convenience of the parties weighs against transfer.

### 2. Public Interest Factors

*Administrative Convenience*

The parties do not suggest that this case presents any particular administrative difficulties or threatens to clog any court's docket. Further, all parties involved in the declaratory judgment action conduct business in the Eastern District of Louisiana. That the insurance policy in question was negotiated, executed and delivered in Alabama does not negate that the Eastern District has a sufficiently proper stake in the resolution of this matter. Accordingly, Stanley Smith has not shown that this factor weighs in favor of transfer.

*Local Interest*

It is well-established that the local interest in deciding local issues at home favors transfer to a venue that will

vindicate such an interest.  *See Piper Aircraft Co v. Reyno*, 454 U.S. 235, 241 n.6 (1981).  Stanley Smith argues that Alabama has a superior interest in State Farm's declaratory judgment action based on Alabama's connection to the insurance policy.  Although the policy was negotiated and executed in Alabama, the potentially insured actions, that is the allegedly negligent work on student residences, occurred in Louisiana.  While Alabama certainly has an interest in regulating insurance policies issued in Alabama to Alabama businesses, Louisiana has an interest in regulating policies covering activity occurring within its state.  Accordingly, the Court finds this factor neutral.  *Cf. Bartile Roofs, Inc.*, 618 F.3d at 1170 (finding this factor to weigh slightly against transfer in insurance coverage dispute case when the potentially insured actions consisting of allegedly negligent work occurred in the forum state and forum state law governed the interpretation of the insurance policies).

*Forum Familiarity and Conflicts of Law Problems*

There is no indication that the laws of Alabama and Louisiana differ regarding interpretation of insurance contracts as to raise a conflicts of law issue.  Further, even if the Court is required to apply Alabama law in resolving State Farm's declaratory judgment action, the Court is not persuaded that the

difficulty of the legal issues presented by this matter weigh in favor of transfer.

Considering all of the Section 1404(a) factors, the Court finds that Stanley Smith has not shown that the proposed transferee district is clearly more convenient than this forum. This is not a situation where plaintiff has selected a forum that is completely unrelated either to any of the parties or the events giving rise to the case.  Accordingly, plaintiff's choice of forum deserves due deference.

### IV. CONCLUSIONS

For the foregoing reasons, the Court DENIES Stanley Smith Drywall's motion to transfer venue.

New Orleans, Louisiana, this __20th__ day of January, 2011.


_____
                    SARAH S. VANCE

                UNITED STATES DISTRICT JUDGE