UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TRAVELERS CASUALTY AND SURETY                CIVIL ACTION
COMPANY OF AMERICA

VERSUS                                       NO: 10-1682

UNIVERSITY FACILITIES, INC.,                 SECTION: R (1)
CAPSTONE DEVELOPMENT CORPORATION,
CAPSTONE BUILDING CORPORATION

## ORDER & REASONS

In this insurance coverage dispute, plaintiff Travelers Casualty and Surety Company of America seeks summary judgment on the grounds that any claims brought against it under certain performance bonds are time-barred. Because the Court finds that the defendants are subject to the two-year limitations period in the performance bonds and that the two-year period expired before any claims were asserted under the bonds, Travelers is entitled to summary judgment.

## I.    BACKGROUND[1]

On August 1, 2004, University Facilities, Inc. (UFI) entered into a Ground and Building Lease Agreement with Southeastern Louisiana University (SLU).[2] Under the contract, SLU agreed to lease land located on its Hammond, Louisiana campus to UFI for

---

[1] All record citations refer to documents in Civil Action 10-1682, unless noted otherwise.

[2] R. Doc. 64-6 at 41; R. Doc. 64-7 at 1-30 (Ground and Building Lease Agreement).

the development and construction of student housing facilities.[3] The same day, UFI contracted with Capstone Development Corporation (CDC) for the construction and development of the facilities.[4]

CDC entered into two contracts with Capstone Building Corporation (CBC) to act as general contractor on the project. The Phase 1 contract involved the construction of four dormitories for a contract price of $15,113,342.00.[5] In connection with the Phase 1 project, Travelers issued a standard performance bond, Bond No. 104339540, for the full contract price.[6] Under the bond, CBC was the contractor/principal and CDC was the owner/obligee.[7] In addition, Travelers issued four Dual Obligee Riders amending the bond to include SLU, UFI, MBIA Insurance Corporation and The Bank of New York Trust Company as additional obligees.[8] CBC completed work on the Phase 1 project on or about May 28, 2005.[9]

---

[3] *Id.*

[4] R. Doc. 64-6 (Southeastern Louisiana University Student Housing Facilities Project Development Agreement).

[5] R. Doc. 64-5 at 5-19 (AIA Document A111-1997).

[6] R. Doc. 64-8 at 19-21 (Performance Bond No. 104339540).

[7] *Id.*

[8] R. Doc. 64-8 at 27-30 (Dual Obligee Riders).

[9] R. Doc. 64-5 at 3 (Tweet Aff.).

The Phase 2 contract involved the construction of an additional four dormitories for a contract price of $17,447,200.00.[10]  In connection with the Phase 2 project, Travelers issued Bond No. 104398544 in the sum of $17,447,200.00, naming CBC as the contractor/principal and CDC as the owner/obligee.[11]  Travelers also issued a Multiple Obligee Rider naming SLU, UFI, MBIA and The Bank of New York Trust as additional obligees.[12]  CBC completed work on the Phase 2 project on or about December 20, 2005.[13]

On May 19, 2009, after allegedly discovering construction and design defects in the work done under the contracts, UFI sued CDC and Capstone On-Campus Management, LLC.[14]  Travelers was not named as a defendant.  On March 16, 2010, the matter was stayed pending arbitration.[15]  On April 8, 2010, UFI filed an arbitration demand against Travelers.[16]  Travelers objected to the American Arbitration Association's jurisdiction over any

---

[10]  R. Doc. 64-5 at 20-36 (AIA Document A111-1997).

[11]  R. Doc. 64-11 at 16-18 (Performance Bond No. 104398544).

[12]  R. Doc. 64-11 at 22 (Multiple Obligee Rider).

[13]  R. Doc. 64-5 at 4 (Tweet Aff.).

[14]  09-4178, R. Doc. 1-2.

[15]  09-4178, R. Doc. 13.

[16]  R. Doc. 64-11 at 3 (Perry Aff.); R. Doc. 64-11 at 23 (Demand for Arbitration).

claims asserted against it.[17] The arbitrator ruled that the filings were insufficient to sustain an order compelling Travelers to be joined in the arbitration.[18]

On June 8, 2010, Travelers filed this declaratory judgment action against UFI, CDC and CBC.[19] Travelers now moves for summary judgment on the grounds that any claims brought against it under Bond No. 104339540 and Bond No. 104398544 (collectively the "performance bonds") are time-barred. UFI opposes the motion, but CDC and CBC have filed no opposition.

## II. LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co.*

---

[17] R. Doc. 64-11 at 24-25 (AAA Order).

[18] *Id.*

[19] R. Doc. 1.

4

*v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id*. at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts

showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith ex rel. Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

**III. DISCUSSION**

In its motion for summary judgment, Travelers asserts that any claims brought against it as surety under the performance bonds are time-barred by the bonds' two-year limitations period. The performance bonds state:

> Any proceeding, legal or equitable, under this Bond may be instituted in any court of competent jurisdiction in the location in which the work or part of the work is located and shall be instituted within two years after Contractor Default or within two years after the Contractor ceased working or within two years after the Surety refuses or fails to perform its obligations under this Bond, whichever occurs first. If the provisions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable.[20]

UFI argues that its claims against Travelers are not time-barred because (a) the two-year contractual limitations period in the performance bonds is contrary to public policy, and (b) UFI did not agree to the two-year limitations period. Instead, UFI

---

[20] R. Doc. 64-8 at 20-21 (Performance Bond No. 104339540); R. Doc. 64-11 at 17-18 (Performance Bond No. 104398544).

asserts that its claims against Travelers are governed by the ten-year prescriptive period for actions against a contractor for construction defects. La. Civ. Code art. 3500.

*(A) Two-Year Contractual Limitations Period is Not Prohibited by Louisiana Law and Does Not Violate Public Policy*

Under Louisiana law, a suretyship may be qualified, conditioned, or limited in any lawful manner. La. Civ. Code art. 3040; *see also Kiva Constr. & Eng'g, Inc. v. Int'l Fid. Ins. Co.*, 749 F. Supp. 753, 754-56 (W.D. La. 1990), *aff'd* 961 F.2d 213 (5th Cir. 1992) (enforcing two-year contractual limitations period in performance bond despite the bond incorporating by reference a construction contract with a ten-year warranty); *Nat'l Tea Co. v. Plymouth Rubber Co.*, 95-254, p. 17-18 (La. App. 5 Cir. 10/18/95); 663 So. 2d 801, 809-10 (holding that two-year limitation period in performance bond was enforceable where there was no provision in the underlying contract that the bond was required to have the same prescriptive period as the contract itself); *J.B. Mouton & Sons, Inc. v. Alumawall, Inc.*, 583 So. 2d 157, 159 (La. Ct. App. 1991) ("To specify in the contract a clause binding the contractor for a stated period is tantamount to imposing the same conditions, as to time, on the surety, unless the contrary is specially stipulated in the bond."). To determine whether the contractual two-year limitations period is lawful, the Court must

distinguish whether the otherwise applicable limitations period is peremptive or prescriptive. "[P]eremption is not subject to renunciation, suspension or interruption, while prescription may be renounced suspended or interrupted." *Taranto v. La. Citizens Prop. Ins. Corp.*, 2010-0105 (La. 3/15/11); 2011 WL 880323, at *11. Thus, if the otherwise applicable period is peremptive, it cannot be renounced in the bonds, but if it is prescriptive, it can be shortened by agreement.

UFI cites no applicable peremptive period that would prevent the limitations period in the performance bonds from being modified. It is true that the Public Works Act contains a five-year peremptive period. *See* La. Rev. Stat. § 38:2189; *State v. McInnis Bros. Constr.*, 97-742 (La. 10/21/97); 701 So. 2d 937, 946 (statutory five-year limitations period for an action against a public works contractor or its surety is peremptive and not susceptible to interruption, suspension or renunciation). But, the Public Works Act does not govern this case. Rather, La. Rev. Stat. § 17:3361 specifically governs the lease of a portion of the grounds or campus of any college or university to a nonprofit corporation. La. Rev. Stat. § 17:3361(A)(2)(a). Section 17:3361 provides that any "[c]ontracts entered into by [the] private lessee for the performance of work on the leased premises or the erection, construction, or maintenance of improvements on the leased premises shall not constitute public works contracts."

8

La. Rev. Stat. § 17:3361(B). It is undisputed that UFI is a non-profit corporation.[21] The contract between UFI and CDC, therefore, is not a public works contract. In addition, the contract between CBC and CDC is not a public works contract because it is a contract between two private parties. *See* La. Rev. Stat § 38:2211(A)(10) (defining "public contract" as "any contract awarded by any public entity for the making of any public works or for the purpose of any materials or supplies"); *T & R Dragline Serv., Inc. v. CNA Ins. Co.*, 796 F.2d 133, 133 (5th Cir. 1986) ("The [Louisiana Public Works] Act pertains in terms to contracts between a public agency and a contractor."). Therefore, the five-year peremptive period under the Public Works Act does not apply in this case.

In the absence of an applicable peremptive period, parties may contract for a limitations period shorter than the statutory prescriptive period if the shortened period is reasonable. *See St. Mary Operating Co. v. Guidry*, 2006-1495, p. 3-4 (La. App. 3 Cir. 4/4/07); 954 So. 2d 397, 400 (citing *Leiter Minerals, Inc. v. Cal. Co.*, 132 So. 2d 845, 853 (La. 1961)) (stating that the Louisiana Supreme Court has recognized the right of parties to agree to a shorter prescriptive period than that provided by statute and the stipulated period, if reasonable, is binding on the parties). Courts have consistently held two-year limitations

---

[21] R. Doc. 64-12 at 2-12 (UFI Articles of Incorporation).

periods in surety contracts enforceable under Louisiana law. *See Kiva Constr. & Eng'g*, 749 F. Supp. at 756 ("[T]he two year right of action limitation in the IFIC performance bond is a lawful condition for a contract of surety."); *Nat'l Tea Co.*, 663 So. 2d at 809-10 (holding two-year prescriptive period in surety bond was enforceable); *J.B. Mouton & Sons,* 583 So.2d at 159 (holding claims had prescribed based on language in bond that any suit must be instituted within two years from the date of final payment); *Con-Plex, Div. of U.S. Indus., Inc. v. Vicon, Inc.*, 448 So. 2d 191, 192-93 (La. Ct. App. 1984) (holding that a surety bond could lawfully include a two-year right of action limitation upon the right to sue against the bond)*.* The two-year limitations period in the performance bonds is not prohibited by Louisiana law and does not violate public policy simply because it is shorter than the statutory prescriptive period.

In addition, UFI's argument that the two-year limitations period is against public policy because it was agreed to by a contractor, its "affiliate company," and its surety is without merit. UFI has presented no evidence to support its assertion that the two-year limitations period should not be enforced because CDC is an "affiliate company" of CBC. Eric Tweet, project manager for CBC, testified that CBC and CDC are not related entities.[22] Further, UFI has provided no explanation as

---

[22] R. Doc. 64-5 at 2 (Tweet Aff.).

to why CBC and CDC's alleged status as affiliated companies would cause a commonly enforced two-year limitations period to violate public policy.

Accordingly, the Court holds that the two-year contractual limitations period in the performance bonds is not prohibited by Louisiana law and does not violate public policy.

*(B) Defendants' Claims are Subject to the Contractual Limitations Period*

UFI argues that it is not bound by the two-year limitations period in the bonds because (1) it did not sign the bonds or the riders, and (2) the riders do not contain a two-year limitations period, or alert the beneficiary to or incorporate the two-year limitations period set forth in the bonds.

UFI asserts that as a third-party beneficiary, its agreement to the two-year limitations period was required for the limitations period to be enforced against it. The parties to a contract can stipulate a benefit to a third-party beneficiary. La. Civ. Code art. 1978. The stipulation allows the third-party beneficiary to demand performance from the promisor. La. Civ. Code art. 1981. Louisiana law "does not require express acceptance or consent on the part of the beneficiary nor does it require a particular form of acceptance or consent." *Hazelwood Farm, Inc. v. Liberty Oil & Gas Corp.*, 01-0345, p. 12 (La. App. 3

11

Cir. 6/20/01); 790 So. 2d 93, 101. The third-party beneficiary, however, has no greater rights than those of the original contracting parties. *See Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 318 (5th Cir. 1991) (stating that under Louisiana law, the third-party beneficiaries' rights could not exceed the rights of the original parties to the contract).

Here, the parties do not dispute that UFI was made an additional obligee under the performance bonds. As a third-party beneficiary of the bonds, UFI was not required to sign the bonds or riders in order for the bonds and riders to be enforceable. *See Nat'l Tea Co. v. Plymouth Rubber Co.*, 95-254, p. 18-19 (La. App. 5 Cir. 10/18/95); 663 So. 2d 801, 809-10 (holding that the two-year limitations period set forth in a performance bond was enforceable against obligee who did not sign the bond). UFI's rights under the bonds, however, are subject to the terms and conditions of the bonds. *See A.F. Blair Co. v. Haydel*, 504 So. 2d 1044, 1045 (La. Ct. App. 1987) (holding that contractor was third-party beneficiary of contract between bank and debtor for construction loan and, therefore, contractor's right of recovery under the contract was subject to the terms and conditions of the contract). Therefore, the contractual limitations period in the performance bonds applies to UFI's claims even though UFI did not sign the bonds or riders.

UFI also argues that the two-year limitations period in the performance bonds does not apply to its claims against Travelers because the riders naming UFI as an obligee do not contain a limitations period and do not incorporate the bonds' limitations period.  The rider to the Phase 1 Bond naming UFI as an additional obligee states that it is "[t]o be attached and form part of Bond No. 104339540."[23]  The rider further states that "[i]t is understood and agreed that nothing herein contained shall be held to change, alter or vary the terms of the above described bond(s) except as hereinbefore set forth."[24]  Similarly, the Multiple Obligee Rider to the Phase 2 Bond states that "[t]his Rider is executed concurrently with and shall be attached to and form a part of Performance Bond No. 104398544."[25]  The rider also provides that "[e]xcept as herein modified, said Performance Bond No. 104398544 shall be and remains in full force and effect."[26]  The riders specifically state that they form part of the performance bonds, and simply act to amend the performance bonds by adding additional obligees.  The Court, therefore, rejects UFI's argument that the obligees added by the riders are

---

[23]   R. Doc. 64-8 at 30 (Dual Obligee Rider).

[24]   *Id.*

[25]   R. Doc. 64-11 at 22 (Multiple Obligee Rider).

[26]   *Id.*

13

not subject to the two-year limitations period in the performance bonds.

Accordingly, the Court holds that the two-year contractual limitations period in the performance bonds governs UFI's claims against Travelers under the bonds. The Court's reasoning applies equally to claims asserted under the bonds by CDC, also an obligee under the bond, and CBC, which have not opposed Travelers' motion.

*(B) Defendants' Claims Under the Bonds Are Time-Barred*

The performance bonds state that "[a]ny proceeding, legal or equitable, under this Bond ... shall be instituted within two years after Contractor default or within two years after the Contractor ceased working or within two years after the Surety refuses or fails to perform its obligations under this Bond, whichever occurs first."[27] Eric Tweet testified that CBC ceased working on the Phase 1 contract in May 2005, and ceased working on the Phase 2 contract in December 2005.[28] UFI has presented no evidence to create a material fact issue that the dates provided by Tweet are incorrect. UFI, therefore, was required to assert

---

[27] R. Doc. 64-8 at 20 (Performance Bond No. 104339540); R. Doc. 64-11 at 17 (Performance Bond No. 104398544).

[28] R. Doc. 64-5 at 3-4 (Tweet Aff.).

14

claims against Travelers under the bonds no later than May 2007 and December 2007.

Kelly Perry, Senior Claim Counsel for Travelers, testified that in connection with the Phase 1 and 2 bonds, Travelers was not served with any suits or arbitration demands on or before December 31, 2007.[29] UFI has presented no evidence that it brought suit to enforce Travelers' obligations under the performance bonds before December 31, 2007.  Accordingly, the Court holds that there is no material factual dispute that UFI's claims against Travelers under the performance bonds are time-barred.  Likewise, because there is no evidence that CDC or CBC asserted claims against Travelers under the performance bonds before December 31, 2007, there is no material factual dispute that CDC's and CBC's claims against Travelers under the bonds are time-barred.

**IV. CONCLUSIONS**

For the foregoing reasons, the Court GRANTS Travelers' motion for summary judgment on its claims against UFI, CDC and CBC.

New Orleans, Louisiana, this __25th__ day of April, 2011.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[29]  R. Doc. 64-11 at 4 (Perry Aff.).