UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA | CIVIL ACTION |
| VERSUS | NO: 10-1682 c/w 10-2082 |
| UNIVERSITY FACILITIES, INC., CAPSTONE DEVELOPMENT CORPORATION, CAPSTONE BUILDING CORPORATION | SECTION: R (1) |

**ORDER & REASONS**

In this insurance coverage dispute, State Farm Fire and Casualty Company moves for summary judgment on the grounds that it has no duty to defend and indemnify Stanley Smith Drywall or Capstone Building Corporation in the pending arbitration.[1] Because the Court finds that State Farm did not demonstrate that coverage is foreclosed considering, *inter alia*, the statement of claims in the arbitration, the motion for summary judgment is denied.

I.  **BACKGROUND**[2]

On August 1, 2004, University Facilities, Inc. (UFI) and Capstone Development Corporation (CDC) contracted with Southeastern Louisiana University for the design and construction

---

[1] R. Doc. 82.

[2] All record citations refer to documents in Civil Action 10-1682, unless noted otherwise.

of student housing facilities in Hammond, Louisiana.[3] CDC contracted with Capstone Building Corporation (CBC) to act as general contractor on the project. CBC in turn contracted with Stanley Smith to perform undisclosed work at the facility believed to involve the installation of drywall.[4]

On May 19, 2009, after allegedly discovering construction and design defects in the work performed, UFI sued CDC and Capstone On-Campus Management, LLC in state court.[5] The case was later removed to this court.[6] On March 16, 2010, the matter was stayed pending arbitration.[7]

On July 26, 2010, State Farm filed the present declaratory judgment action.[8] State Farm asserts that Stanley Smith and CBC have made claims under Stanley Smith's insurance policy for coverage and defense in the arbitration.[9] State Farm thus seeks a declaration that it has no duty (1) to insure Stanley Smith or CBC, or (2) to defend or indemnify any party against UFI's claims

---

[3] R. Doc. 82-4, Ex. A at 1-3.

[4] 10-2082, R. Doc. 1 at 9.

[5] R. Doc. 82-4, Ex. A.

[6] 09-4178, R. Doc. 1.

[7] 09-4178, R. Doc. 13.

[8] 10-2082, R. Doc. 1.

[9] *Id.* at 9.

in the pending arbitration.[10]  State Farm asserts that the construction and design defect claims are not covered by or are excluded under the policy.[11]  State Farm now moves for summary judgment on its duty to defend and indemnify.[12]  Stanley Smith and CBC oppose State Farm's motion for summary judgment and have filed motions for relief under Rule 56(d) of the Federal Rules of Civil Procedure.[13]

## II.  LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir.

---

[10]  *Id.* at 11.

[11]  *Id.* at 9-10.

[12]  R. Doc. 82.

[13]  R. Doc. 88; R. Doc. 91; R. Doc. 96; R. Doc. 99.

2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."  *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"  *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991).  The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."  *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See id.* at 324.  The

4

nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith ex rel. Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

**III. DISCUSSION**

State Farm argues that it has no duty to defend or indemnify Stanley Smith or CBC in the pending arbitration because UFI's construction and design defect claims are not covered by or are excluded under the policy. Specifically, State Farm contends that: (1) there is no "occurrence" to trigger coverage under the policy; (2) only breach of contract claims are asserted; (3) there is no property damage alleged; and (4) various coverage limitations and exclusions apply to prevent coverage.[14]

An insurer's duty to defend an insured is "a separate and distinct inquiry from that of the insurer's duty to indemnify a covered claim after judgment against the insured in the underlying liability case." *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 872 (5th Cir. 2009) (citing *Elliott v. Cont'l Cas. Co.*, 2006-1505 (La. 2/22/07) ; 949 So. 2d 1247, 1250). The Court, therefore, will address each duty separately.

---

[14]  R. Doc. 82-1 at 17-26.

### A) Duty to Defend

Under Louisiana law, an insurer's duty to defend is determined by comparing the language of the insurance policy with the allegations in the complaint. *See id.* ("Under Louisiana's 'Eight Corners Rule,' we must assess whether there is a duty to defend by applying the allegations of the complaint to the underlying policy without resort to extrinsic evidence."); *La. Stadium & Exposition Dist. v. BFS Diversified Prods., LLC*, 2010-0587, p. 3 (La. App. 4 Cir. 9/15/10); 49 So. 3d 49, 51 ("The duty to defend is determined solely from the plaintiff's pleadings and the face of the policy without consideration of extraneous evidence."). The insurer has a duty to defend unless the allegations "unambiguously preclude coverage." *Martco*, 588 F.3d at 872 (citing *Elliott*, 949 So. 2d at 1250). The duty to defend "arises whenever the pleadings against the insured disclose a possibility of liability under the policy." *Martco*, 588 F.3d at 872-73 (citing *Meloy v. Conoco, Inc.*, 504 So. 2d 833, 839 (La. 1987)).

State Farm asserts it has no duty to defend Stanley Smith or CBC in the arbitration. Whether State Farm has a duty to defend in the arbitration must be determined by considering the claims asserted in the arbitration. *See Sigma Marble & Granite-Houston v. Amerisure Mut. Ins. Co.*, No. 09-3942, 2010 WL 5464257, at *2 n.14 (S.D. Tex. Dec. 28, 2010) ("The parties agree that the

amended statement of [arbitration] claim is the relevant pleading for determining the duty to defend."). Although State Farm asserts that under the "eight corners" rule the Court may consider only UFI's state court petition, the demand for arbitration and the insurance policy, Stanley Smith and CBC were not defendants in the lawsuit filed by UFI.[15] Further, the demand for arbitration contains only a brief and general description of the nature of the dispute.[16] The Court finds that UFI's and CBC's statements of arbitration claims are the relevant pleadings for determining State Farm's duty to defend. *See id.* at *7 (stating that to determine an insurer's duty to defend a subcontractor in arbitration, the Court would compare the policy to the allegations in the owner's and general contractor's statements of arbitration claims). State Farm has not provided the Court, however, with the statements of arbitration claims. Because State Farm's duty to defend can be determined only after reviewing the statements of arbitration claims, the Court cannot

---

[15] R. Doc. 82-4, Ex. A.

[16] The demand for arbitration states:
This is a third-party claim in AAA case No. 69 110 Y 00578 09.  Capstone Building Corp. ("CBC") demands defense and indemnification from its subcontractors to the extent CBC may be liable to claimant University Facilities, Inc. ("UFI") or other parties for the claims asserted against CBC in this arbitration proceeding related to student housing at Southeastern Louisiana University in Hammond, Louisiana.
R. Doc. 82-6, Ex. C.

determine as a matter of law State Farm's duty to defend on the present record.

### B) Duty to Indemnify

In determining an insurer's duty to indemnify, the Court is not limited to the allegations in the complaint, but rather "must apply the Policy to the actual evidence adduced at the underlying liability trial together with any evidence introduced in the coverage case." *Martco*, 588 F.3d at 877. Although the interpretation of an insurance contract presents a question of law rather than of fact, the Court must apply the policy to the evidence presented to determine whether there is coverage under the insuring clause and whether a policy exclusion applies. *See id.* at 878-84 (applying Louisiana law to determine whether "[a] review of the evidence adduced at trial, the resulting verdict and judgment, and the applicable Louisiana law reveals that [the insured] clearly carried its burden of establishing coverage under the insuring clause"). Here, State Farm has not presented the Court at a minimum with the statement of claims in the arbitration. Additionally, Stanley Smith and CBC assert that State Farm's motion for summary judgment was filed before any discovery was conducted in the arbitration proceeding or in this case. The Court finds that State Farm has failed to develop the record sufficiently to establish that there is no genuine issue

of material fact as to its duty to indemnify Stanley Smith or CBC in the arbitration.

Accordingly, the Court denies State Farm's motion for summary judgment on its duty to defend and indemnify.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES State Farm's motion for summary judgment at this time.  Because the Court has denied State Farm's motion for summary judgment, the Court DENIES AS MOOT Stanley Smith's and CBC's motions for relief under Rule 56(d).[17]

New Orleans, Louisiana, this __13th__ day of July, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[17] R. Doc. 91; R. Doc. 99.